**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| **RUBEN CASEY**,<br><br>　　　　　　　　　　Petitioner,<br>　vs.<br><br>**DERRAL ADAMS, Warden,**<br><br>　　　　　　　　　　Respondent. | CASE NO. 07cv1733-BTM(POR)<br><br>**ORDER LIFTING STAY AND SCHEDULING BRIEFING** |

　　　On November 29, 2007, Petitioner Ruben Casey ("Casey"), a state prisoner serving a sentence of seven years to life for 1978 convictions of first degree murder, burglary, and robbery, filed a Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. § 2254. He challenges on due process grounds the Governor's reversal of the Parole Board's July 2005 grant of parole at his sixteenth suitability hearing. On November 25, 2008, this case was reassigned for all purposes from the bench of the Eastern District of California to the undersigned Visiting Judge. (Dkt No. 21.)

　　　The Court issued an Order Staying Petition on August 28, 2009, because the standards material to the resolution of state parole denial challenged on federal habeas review were unsettled, with the Ninth Circuit's then-pending decision following rehearing of Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, 527 F.3d 797 (9th Cir. 2008), anticipated to clarify the law. (Dkt

1  No. 23.)  On April 22, 2010, the Ninth Circuit issued its *en banc* decision, vacating the prior panel
2  decision.  Hayward v. Marshall, -- F.3d --, 2010 WL 1664977 (9th Cir. (Cal.) Apr. 22, 2010).
3  Accordingly, the Court hereby lifts the stay and reactivates this case.

4  However, the Court must first consider, as a threshold jurisdictional issue, whether Casey's
5  request for federal habeas relief has become moot.  *See* North Carolina v. Rice, 404 U.S. 244, 246
6  (1971) ("the question of mootness is a federal one which a federal court must resolve before it assumes
7  jurisdiction").  Federal courts "have no jurisdiction to hear a case that is moot, that is, where no actual
8  or live controversy exists."  Foster v. Carson, 347 F.3d 742, 745 (9th Cir.2003).  On April 23, 2010,
9  the day after the Hayward opinion issued, Respondent filed a Notice Of Release On Parole.
10 Respondent informs the Court Casey was paroled from prison on March 20, 2010, following the
11 Board's grant of parole at a subsequent parole consideration hearing and the Governor's determination
12 he would not review that decision.  (Dkt No. 24.)  Notice Exhibit 2 is an April 21, 2010 printout of
13 Casey's "Offender Based Information System Movement History," with an entry noting his parole date
14 with the cursory description:  "Life Parole."  (Dkt No. 25, Exh. 2.)  Respondent's Notice does not
15 address any effect on the continued viability of Casey's Petition seeking release from custody in these
16 circumstances.

17 Under California law, "an inmate-turned-parolee remains in the legal custody of the California
18 Department of Corrections through the remainder of his term, . . . and must comply with all of the
19 terms and conditions of parole, including mandatory drug tests, restrictions on association with felons
20 or gang members, and mandatory meetings with parole officers."  Samson v. California, 547 U.S. 843,
21 851 (2006).  The restrictions imposed on a parolee constitute a concrete injury for purposes of a
22 mootness analysis.  *See, e. g*., Spencer v. Kamna, 523 U.S. 1, 7-8 (1998); Jones v. Cunningham, 371
23 U.S. 236,243 (1963) (demonstrating the law is well-settled that the restrictions a state imposes on a
24 parolee are sufficient to satisfy the "in custody" requirement of 28 U.S.C. § 2254).  Therefore, release
25 on parole does not moot a habeas challenge to a prior parole denial in all instances.  For example, if
26 an earlier release on parole should have been granted as alleged in a federal habeas petition, and a later
27 release occurs before the ultimately-successful petition is decided, some credit toward the duration
28

of the parole period belatedly granted may be an appropriate remedy to compensate for the surplus time served in prison. *See, e.g.*, McQuillion v. Duncan 342 F.3d 1012, 1015 (9th Cir.2003) (finding petitioner was unlawfully held beyond his parole release date and concluding the period during which he was unlawfully incarcerated should be credited against his three-year parole period). Under such circumstances, the case or controversy is not moot because there is a remedy that the Court could fashion for the petitioner, *e.g.,* a reduction of his parole supervision period, or outright discharge from parole.

However, without reaching the merits of Casey's Petition, the cryptic notation "Life Parole" in his case suggests the duration of his parole may not be for a term of years.[1] In such circumstances, the Court may be unable to fashion any remedy to accommodate the relief requested in the Petition, should it reach the merits and resolve the issue in his favor. A habeas petition is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing the writ of habeas corpus. Spencer, 523 U.S. at 7; Burnett v. Lampert, 432 F.3d 996, 1000-1001 (2005); *see* Thomas v. Yates, 637 F.Supp.2d 837, 841 (E.D.Cal.2009) (suggesting that if a petitioner is subsequently released on parole for a term of life, there may be no further remedy that the court can fashion, even if he prevailed on his challenge to an earlier parole denial); *but see also* Thompson v. Carey, 2009 WL 1212202, at *4-5 (E.D.Cal. May 5, 2009) (applying McQuillon, 342 F.3d at 1015 to find petitioner was entitled to be placed in the position he would have been in had he been released on time to a five-year minimum parole term, that is, entitled to a parole discharge determination under CAL.PENAL CODE § 3000.1(b) because more than five years had passed since he should have been released).

For all the foregoing reasons, **IT IS HEREBY ORDERED**:

1. The Court's August 28, 2009 Stay Order is vacated, and the stay is lifted;

---

[1] *See* CAL. PENAL CODE § 3000.1, addressing the life parole rules for inmates sentenced to life imprisonment for first or second degree murders, although it may be that prisoners whose offenses occurred before January 1, 1983, like Casey, are not be subject to the lifetime parole period pursuant to that code section. *See* In re Chaudhary, 172 Cal.App.4th 32, 34 (2009); *see also* Martin v. Marshall, 448 F.Supp.2d 1143, 1145 (N.D.Cal.2006) (parolee entitled to have "actual surplus time served in prison deducted from his parole period").

     2.     On or before **June 1, 2010**, Respondent shall file briefing, not to exceed five pages, to clarify the terms and duration of Casey's parole and to address the Petition mootness issue, in consideration of the foregoing concerns and any related issues; and

     3.     On or before **June 1, 2010**, Casey may file briefing not to exceed five pages addressing the same issues.

**IT IS FURTHER ORDERED** Respondent shall promptly serve Casey with a copy of this Order at his current address.

**IT IS SO ORDERED**.

DATED:  May 5, 2010

_____
Honorable Barry Ted Moskowitz
United States District Judge