UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **RUBEN CASEY**,<br><br>             Petitioner,<br>   vs.<br><br>**DERRAL ADAMS, Warden,**<br><br>             Respondent. | CASE NO. 07cv1733-BTM(POR)<br><br>**ORDER DENYING 28 U.S.C. § 2254 PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY** |

   Petitioner Ruben Casey ("Casey") was serving an indeterminate sentence of seven years to life in state prison for first-degree murder, burglary, and robbery when he filed a November 2007 Petition For Writ Of Habeas Corpus, pursuant to 28 U.S.C. § 2254, proceeding with the assistance of counsel. He challenges on due process grounds the Governor's November 23, 2005 reversal of the Board Of Parole Hearings' ("Board") July 2005 grant of parole at his sixteenth suitability hearing, contending no evidence supported the Governor's determination he would pose an unreasonable risk of danger to society if released from prison. Respondent filed an Answer conceding Casey's claims were exhausted, but disputing his entitlement to federal habeas relief (Dkt Nos. 17-18), and Casey filed a

Traverse (Dkt No. 19).  On November 25, 2008, this case was reassigned for all purposes from the bench of the Eastern District of California to the undersigned visiting judge.  (Dkt No. 21.)

A federal court may issue a writ of habeas corpus "only on the ground that [the state prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Federal habeas petitions filed after April 24, 1996 are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See* Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).  Relief is warranted only if the result of a claim adjudicated on the merits by a state court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see* Bell v. Cone, 535 U.S. 685, 694 (2002).

By Order entered March 13, 2009, the Court stayed this matter in anticipation of the Ninth Circuit's *en banc* decision on rehearing of Hayward v. Marshall, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted by* 527 F.3d 797 (9th Cir. 2008), *vacated by* Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (*en banc*).  (Dkt No. 14.)  The *en banc* Hayward decision, among other things, granted federal habeas relief to a California prisoner who had challenged his parole denial on due process grounds and clarified for this Circuit that "even if there is no general federal quantum of evidence requirement, applicants for parole in California, under the state's current laws, may obtain federal habeas review of whether there is 'some evidence' supporting a negative parole decision." Hayward, 603 F.3d at 549 (finding California's parole statutes create a liberty interest encompassing that requirement).  This Court then lifted the stay in Casey's case in preparation for reaching the merits of his due process and other Petition claims.  The Court also solicited additional briefing from the parties on the issue of mootness, to address Respondent's intervening Notice Of Release On Parole informing the Court Casey had been released from prison on March 20, 2010, after the Board again granted him parole at a subsequent hearing, a result the Governor did not disturb.  (Dkt Nos. 24, 26-28.)  Although

\\
\\
\\

the Court would not necessarily find the Petition to be moot on that basis,[1] federal habeas relief for the parole denial challenge is now foreclosed.

On January 24, 2011, the United States Supreme Court effectively overruled the Ninth Circuit's *en banc* Hayward decision and held the California parole statute did not create a protected liberty interest encompassing the "some evidence" requirement. Swarthout v. Cooke, 562 U.S. --, 2011 WL 197627 (Jan. 24, 2011) (*per curiam*) ("Swarthout") (denying federal habeas relief to two California prisoners on that basis). A due process claim raises two questions: "the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989) (citations omitted). Although the Swarthout Court found the Ninth Circuit reasonably applied United States Supreme Court authority to conclude California law creates a liberty interest in parole, that Court emphasized "[w]hatever liberty interest exists is, of course, a *state* interest created by California law." Swarthout at *2.

When a state creates a liberty interest, "the Due Process Clause requires fair procedures for its vindication -- and federal courts will review the application of those constitutionally required procedures." Swarthout at *2. Applying the holding in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979), the Court observed "the procedures required are minimal" to satisfy federal due process in the parole context. Id. (the Constitution requires no more than that a state prisoner be given an opportunity to be heard and a statement of reasons why parole was denied). Contrary to recent Ninth Circuit opinions, the Swarthout Court held "it is no federal

---

[1] Under California law, "an inmate-turned-parolee remains in the legal custody of the California Department of Corrections through the remainder of his term, . . . and must comply with all of the terms and conditions of parole. . . ." Samson v. California, 547 U.S. 843, 851 (2006), *citing* CAL. PENAL CODE § 3056 ("Prisoners on parole shall remain under the legal supervision of the department and shall be subject at any time to be taken back within the inclosure of the prison"). The restrictions imposed on a parolee satisfy the "in custody" requirement of 28 U.S.C. § 2254 and the concrete injury requirements for purposes of mootness analysis in the habeas context. *See* Spencer v. Kemna, 523 U.S. 1, 7-8 (1998). Where a habeas petitioner has been released under parole supervision before his habeas petition challenging a prior denial of parole was decided, federal courts have concluded that a prevailing petitioner can obtain an Order directing California authorities to credit the time the petitioner served in prison in violation of his constitutional rights towards the parole supervision period imposed. *See* McQuillion v. Duncan, 342 F.3d 1012, 1015 (9th Cir. 2003) (a parolee belatedly released due to an earlier wrongful denial of parole may be entitled to be placed in the position he would have been in had he been released on time).

1  concern here whether California's 'some evidence' rule of judicial review (a procedure beyond what
2  the Constitution demands) was correctly applied." Id. at *3 ("Because the only federal right at issue
3  is procedural, the relevant inquiry is what process [the petitioners] received, not whether the state court
4  decided the case correctly"). "[T]he responsibility for assuring that the constitutionally adequate
5  procedures governing California' parole system are properly applied rests with California courts, and
6  is no part of the Ninth Circuit's business." Id.

7  The Supreme Court thus instructs that federal habeas courts may consider in the parole context
8  only whether a California state prisoner challenging a denial of parole received procedural due process.
9  Accordingly, this Court is foreclosed from addressing due process challenges on the merits through
10 review of state court decisions to determine whether "they had unreasonably determined the facts in
11 light of the evidence." Swarthout at * 3. Like the prisoners in Swarthout, Casey was given the
12 opportunity to speak at his parole hearing and to contest the evidence against him, was afforded access
13 to his records in advance of the hearings, and received notice of the reasons why the Board granted him
14 parole and why the Governor reversed the Board's decision. As counseled by the Swarthout Court:
15 "That should [be] the beginning and the end of the federal habeas courts' inquiry into whether [the
16 petitioner] received due process." Swarthout at ** 2-3. Federal habeas relief on due process grounds
17 is accordingly **DENIED**.

18 Casey claims the Governor's 2005 parole reversal decision deprived him not only of due
19 process, but also of constitutional rights arising under the Sixth and Eighth Amendments to the United
20 States Constitution. (*See* Dkt No. 1, 2:11, 15:16, 23:3.) The Sixth Amendment guarantees accused
21 persons certain safeguards in the conduct of "criminal prosecutions." Crawford v. Washington, 541
22 U.S. 36, 38 (2004). The Court finds as a matter of law supervised release proceedings after a
23 defendant has been convicted and sentenced are not part of a criminal prosecution, disposing of that
24 claim. *See* United States v. Hall, 419 F.3d 980, 985-86 (9th Cir. 2005). Casey also fails to state a
25 cognizable Eighth Amendment claim associated with his parole denial. The Eighth Amendment
26 proscribes cruel and unusual punishments and contains "a narrow proportionality principle" that
27 applies to noncapital sentences when a sentence is extreme and "grossly disproportionate" to the crime.
28 *See* Ewing v. California, 538 U.S. 11, 20-23 (2003), *quoting* Harmelin v. Michigan, 501 U.S. 957,

996-97 (1991).  Casey was convicted of first-degree murder and received an indeterminate sentence of a duration up to and including life in prison.  He does not and cannot challenge his original sentence in a collateral proceeding.  The Governor's reversal of the Board's parole decision did not lengthen his sentence.  "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  Greenholtz, 442 U.S. at 7.  Accordingly, those grounds for federal habeas relief are also **DENIED**.

Applying the controlling United States Supreme Court authority of Swarthout, inasmuch as Casey received adequate procedural due process as defined in that opinion, and he presents no other cognizable ground for habeas relief, the Court **DENIES** the Petition and **DENIES** a Certificate Of Appealability, terminating this matter in its entirety.

**IT IS SO ORDERED**.

DATED: February 22, 2011

_____
Honorable Barry Ted Moskowitz
United States District Judge